**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LIBERTY BAY CREDIT UNION,<br><br>         Plaintiff,<br><br>  v.<br><br>OPEN SOLUTIONS, INC.,<br><br>         Defendant. | **C.A. No.**<br><br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

This is an action for breach of contract, violation of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of the Consumer Protection Act, G.L. c. 93A, brought by the Plaintiff, Liberty Bay Credit Union, against Defendant, Open Solutions, Inc., in connection with an End User Product License Agreement pursuant to which Open Solutions, Inc., as successor in interest to I.A. Systems, Inc., contracted to provide certain information technology services and products to the Plaintiff.

## PARTIES

1. Plaintiff, Liberty Bay Credit Union, f/k/a Telephone Workers Credit Union ("Liberty Bay"), is a Massachusetts chartered credit union having a principal place of business at 131 Oliver Street, Boston, Massachusetts.

2. Open Solutions, Inc. ("Open Solutions") is a Delaware Corporation having a principal place of business at 300 Winding Brook Drive, Glastonbury, Connecticut. Upon information and belief, Open Solutions is successor in interest to I.A. Systems, Inc. ("I.A.

Systems"), which was a corporation incorporated under the law of the state of New York, with a principal place of business in New York, until its merger into Open Solutions in October, 2007.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the Plaintiff and the Defendant.

4. This Court has personal jurisdiction over the Defendant pursuant to the Massachusetts long-arm statute, G.L. c. 223A, § 3, as the Defendant has, among other things, transacted business in this Commonwealth and contracted to supply services and things in this Commonwealth.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events and property that are the subject of this action occurred or are located in the district.

## FACTS AND CLAIMS

6. On or about February 16, 2007, the Liberty Bay and I.A. Systems entered into an End User Product License Agreement ("the License Agreement"), whereby I.A. Systems agreed to build a real-time bi-directional interface to support the import of Liberty Bay's member information to and from software operated by a third party's system into I.A. Systems' "StreamLend Velocity" loan originating software ("the Product").

7. On or about October 31, 2007, Open Solutions became successor in interest to I.A. Solutions under the License Agreement.

8. The initial term of the License Agreement is 3 years beginning February 17, 2007, and the License Agreement automatically renews for successive 1 year terms, unless terminated by written notice.

9. The License Agreement provides in relevant part as follows:

"In the event that I.A. Systems fails to make an interface that performs all of the functions contemplated hereby on or before January 1, 2008, through no fault of [Liberty Bay] or any Third Party that is engaged by [Liberty Bay] to perform services of provide products, [Liberty Bay] will have the option to cancel the project and receive a refund or continue to move forward with implementation of [the Product]."

10. Under the License Agreement, Liberty Bay has paid at least $161,568.85, which includes an initial deposit of $113,733.00 (the "Deposit"), and at least $47,835.85 in additional fees (the "Additional Fees") paid in connection with various third-party licenses and out-of-pocket expenses for work directed toward developing a working interface as contemplated under the License Agreement.

11. Neither Open Solutions, nor its predecessor in interest I.A. Systems, built an interface that performs all of the functions contemplated under the License Agreement by January 1, 2008, or any time thereafter.

12. On or about April 6, 2009, Liberty Bay notified Open Solutions in writing that it was terminating the License Agreement for Open Solutions' failure to timely provide an operational and fully functioning interface and demanded a full refund.

13. Open Solutions has failed or refused to make any refund to Liberty Bay.

14. No interface has ever been tested or put into production, and Liberty Bay has never been able to utilize the StreamLend Velocity loan originating software.

15. No maintenance services have ever been performed by Open Solutions or its predecessor because there has never been any software interface or system to maintain. Nonetheless, Open Solutions and its predecessor have fraudulently billed Liberty Bay $401,265.63 for "past due annual maintenance fees."

16. Open Solutions has utilized the false invoices to attempt to extort a renewed License Agreement from Liberty Bay. Open Solutions has demanded that Liberty Bay pay the fraudulent invoices in full or renegotiate the License Agreement and extend it for another two-year term, despite the fact that there is still no operating interface or software.

17. Open Solutions has made clear that unless and until Liberty Bay agrees to renegotiate and extend the License Agreement, Open Solutions will continue to employ its extortionate tactic of refusing to make any refund to Liberty Bay, demanding payment of over $400,000 fraudulently billed to Liberty Bay, and bringing suit to collect on these false invoices.

18. Liberty Bay is entitled to a full refund of its Deposit and Additional Fees, compensation for its damages, and its attorneys fees and costs for Open Solutions' willful and knowing unfair and deceptive conduct.

## COUNT I
**(Breach of Contract)**

19. Liberty Bay realleges and incorporates herein the averments of paragraphs 1 - 18.

20. The License Agreement is valid and enforceable.

21. Liberty Bay has fully performed its obligations under the License Agreement.

22. Open Solutions and its predecessor in interest materially breached the License Agreement by failing to perform its obligations thereunder.

23. Open Solutions and its predecessor in interest have materially breached the License Agreement by refusing to refund payments made by Liberty Bay.

24. As a result of the Defendant's breaches of the License Agreement, Liberty Bay has sustained damages in an amount to be determined at trial.

## COUNT II
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

25. Liberty Bay realleges and incorporates herein the averments in paragraphs 1 - 24.

26. The License Agreement includes an implied covenant of good faith and fair dealing.

27. Open Solutions and its predecessor in interest have breached the implied covenant of good faith and fair dealing by, among other things, failing to perform obligations under the License Agreement, failing and refusing to refund payments made by Liberty Bay as a means to extract a benefit to which they are a not entitled, and fraudulently billing Liberty Bay.

28. As a result of the Defendant's breach of the implied covenant of good faith and fair dealing, Liberty Bay has sustained damages in an amount to be determined at trial.

## COUNT III
### (Unjust Enrichment)

29. Liberty Bay realleges and incorporates herein the averments of paragraphs 1 - 28.

30. Liberty Bay has conferred a benefit upon Open Solutions by paying the Deposit and Additional Fees.

31. Open Solutions is not entitled to keep the monies paid by Liberty Bay, but has failed or refused to return the money to Liberty Bay as a means of extracting a benefit to which it is not entitled.

32. Open Solution's refusal to return the money and fraudulent billing is unjust and inequitable.

33. Open Solution has been unjustly enriched at Liberty Bay's expense.

34. As a result of the Defendant's conduct, Liberty Bay has sustained damages in an amount to be determined at trial.

## COUNT IV
### (Violation of G.L. c. 93A, § 11)

35. Liberty Bay realleges and incorporates herein the averments of paragraphs 1 -34.

36. Liberty Bay and Open Solutions are engaged in the conduct of trade of commerce within the meaning of G.L. c. 93A, § 11.

37. Open Solutions has violated G.L. c. 93A by the conduct alleged herein, including by failing and refusing to return the monies paid by Liberty Bay as a means of extracting a benefit to which it is not entitled and by fraudulently billing and threatening to collect from Liberty Bay for work that was never performed or completed by Open Solutions or its predecessor in interest.

38. These unfair and deceptive acts or practices by Open Solutions were knowing and willful.

39. Open Solutions' acts and practices complained of herein, occurred primarily and substantially in Massachusetts or resulted in injury or harm primarily and substantially in Massachusetts.

40. As a result of the Defendant's conduct, Liberty Bay has sustained damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Liberty Bay prays that this Court:

A. Enter judgment for Liberty Bay and against Open Solutions on Counts I, II, III and IV;

B. Award Liberty Bay its damages together with pre and postjudgment interest;

C. Award Liberty Bay double or treble its damages plus costs and attorneys' fees; and

D. Grant such other and further relief as is just and proper.

- 7 -

**JURY DEMAND**

PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL CLAIMS SO TRIABLE.

Dated:  February 4, 2011                                 LIBERTY BAY CREDIT UNION,

By its attorneys,

/s/ Kathryn K. Conde_____
Kathryn K. Conde (BBO# 634647)
*kconde@nutter.com*
Darah L. Schofield (BBO# 663219)
*dschofield@nutter.com*
Nutter, McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA  02210-2604
(617) 439-2000

1988398.1