UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-CV-10189-RGS

LIBERTY BAY CREDIT UNION

v.

OPEN SOLUTIONS, INC.

MEMORANDUM AND ORDER
ON PARTIAL MOTION TO DISMISS

September 7, 2011

STEARNS, D.J.

Liberty Bay Credit Union (Liberty Bay), a Massachusetts chartered credit union, hired I.A. Systems in February of 2007 to create a software interface that would allow Liberty Bay to import client member information. When I.A. Systems merged with Open Solutions, Inc. (Open Solutions) in October of 2007, Open Solutions, a Delaware corporation with its principal place of business in Connecticut, became the successor in interest to the contract.

Liberty Bay brought this suit against Open Solutions in February of 2011, alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violation of Mass. Gen. Laws ch. 93A, § 11. On August 10, 2011, Open Solutions moved to dismiss the unjust enrichment and Chapter 93A claims. On August 24, 2011, Liberty Bay filed an opposition.

"A mere breach of contract does not constitute an unfair or deceptive trade practice under [Chapter] 93A, *see* [*Ahern v. Scholz,* 85 F.3d 774, 798 (1st Cir.1996)], unless it rises to the level of 'commercial extortion' or a similar degree of culpable conduct, *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451, 474 (1991)." *Commercial Union Ins. Co. v. Seven Provinces Ins. Co., Ltd.*, 217 F.3d 33, 40 (2000). It is clear from the face of the Complaint that Liberty Bay has alleged no facts that give rise to the mendaciously unfair and deceptive conduct chapter 93A is meant to protect against. *See also Guiffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 238 (2008) ("[B]usinesses seeking relief under Section 11 are held to a stricter standard than consumers in terms of what constitutes unfair or deceptive conduct."). To satisfy the five elements of unjust enrichment, a plaintiff must show: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *LaSalle Nat'l Bank v. Perelman*, 82 F. Supp. 2d 279, 294-295 (D. Del. 2000) (citing *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393 (Del. Ch.1999)). Where a contract governs the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies. *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*, 339 F.3d 1087, 1091 (9th Cir. 2003). This principle is simply an extension of the fifth element of the doctrine, that where a plaintiff has an

adequate remedy at law, a claim of unjust enrichment is unavailable. *See id.*, at 1093 (Delaware law); *Massachusetts v. Pace*, 616 F. Supp. 815, 822 (D. Mass.1985) (Garrity, J.) (federal common-law); *Santagate v. Tower*, 64 Mass. App. Ct. 324, 329 (2005). Liberty Bay has pled facts that give rise only to a standard breach of contract action; therefore, Liberty Bay has a complete remedy at law and its unjust enrichment claim is inaptly brought. [1]

The court notes that the two claims at issue are wholly equitable in nature. If discovery should uncover facts beyond those pled sufficient to support a remedy in equity, it is open to Liberty Bay to petition the court accordingly. *See* Fed. R. Civ. P. 15(a)(2).

## ORDER

For the foregoing reasons, Counts III and IV are dismissed without prejudice.

SO ORDERED.

/s/ Richard G. Stearns

---

[1] Liberty Bay does not claim that it made any payments to Open Solutions outside the contract. Liberty Bay claims only that Open Solutions improperly sent it maintenance invoices after the contract was terminated; invoices that it does not allege it ever paid. Compl. ¶¶ 15-18. Liberty Bay does not challenge the contract's validity at the time it paid Open Solutions the deposit and other upfront fees. Compl. ¶ 8-11. *Cf. Tolliver v. Christina School Dist.,* 564 F. Supp. 2d 312, 315 (D. Del. 2008) ("A claim of unjust enrichment may survive a motion to dismiss, however, when the validity of the contract is in doubt or uncertain.").

                                                                 _____
                                                                 UNITED STATES DISTRICT JUDGE